

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kendell Jackson,

    Plaintiff,

-against-

Ray Henry, Luis Pichardo, Irving Contreras,

    Defendants

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL



## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the defendants' commissions of acts under color of law in violation of the plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution.

## JURISDICTION

2. This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The plaintiff demands a trial by jury on each and every one of his claims as

pled herein.

## PARTIES

6. Plaintiff Kendell Jackson is a resident of the State of New York.

7. At all relevant times herein, defendants Ray Henry, Luis Pichardo and Irving Contreras were employed by the New York City Police Department ("NYPD") and were each acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8. At all times relevant herein, defendant Ray Henry ("Officer Henry") held the rank of police officer and shield number 10050.

9. At all times relevant herein, Luis Pichardo ("Officer Pichardo") held the rank of police officer and had shield number 794.

10. At all times relevant herein, Irving Contreras ("Sergeant Contreras") held the rank of sergeant and had shield number 1608.

11. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

12. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13. On the afternoon of February 3, 2012, plaintiff Kendell Jackson had just walked out of the front door of the apartment building in which he then lived, 2026 Seventh Avenue in Manhattan.

14. Mr. Jackson watched as several police officers got out of their cars and descended on the area. As Mr. Jackson had done nothing wrong, he stood by and watched the police activity.

15. After several minutes, however, despite not having committed any crime, Mr. Jackson was handcuffed and arrested by Officer Pichardo and Sergeant Contreras.

16. Mr. Jackson was placed in the van and driven to the NYPD's 28th Precinct.

17. At the precinct, Mr. Jackson was taken to a holding cell where the defendants conducted an humiliating and degrading strip and visual body cavity search, in which Mr. Jackson was forced against his will to take all his clothes off, squat, lift up his genitals, spread his buttocks and cough.

18. As there was nothing illegal on Mr. Jackson's person, nothing was found.

19. This search was done in the absence of any individualized reasonable suspicion that Mr. Jackson was concealing any weapons or other contraband.

20. Hours later, Mr. Jackson was taken from the precinct to Central Booking in lower Manhattan, where he was to stay until he was finally arraigned on February 5, 2012, two days after his arrest.

21. Mr. Jackson was charged by way of a felony complaint (the "Felony Complaint") with Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39(1)) and Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16(1)), both class "B" felonies.

22. The Felony Complaint also charged a Gerard Jones with those same crimes as well as well as Criminal Possession of a Controlled Substance in the Seventh Degree (New York Penal Law § 220.03), a class "A" misdemeanor.

23. In the Felony Complaint, Officer Henry, who was designated as the arresting officer, stated that on February 3, 2012, at about 2:26 PM he "observed separately charged defendant Carol Sbradley approach defendant Jackson and hand defendant Jackson United States currency, after which, defendant Jackson directed separately charged defendant Sbradley to defendant Jones who reached into his zipper area and removed small objects and gave said objects to separately charged defendant Sbradley."

24. The Felony Complaint further alleged that narcotics were recovered from both Jones and Sbradely.

25. Mr. Jackson was not arrested until approximately 3:55 PM, more than an hour after Officer Henry's alleged observations.

26. Mr. Jackson was not only not selling narcotics to anyone, he was not even outside at the time Officer Henry's observations were alleged to have been made.

27. Officer Henry knew that Mr. Jackson was not a participant in this or any other narcotics transaction and/or did not have sufficient knowledge to positively identify him as

having done so.

28.  As the arresting officer, Officer Henry prepared and signed police reports relating to Mr. Jackson's arrest.

29.  In preparing those reports, Officer Henry repeatedly falsified information relating to his observations, if any, of Mr. Jackson, including a false claim that Ms. Sbradley handed Mr. Jackson "United States currency."

30.  Officer Henry and possibly one or both of the other defendants provided these false reports as well false oral statements to one or more prosecutors from the New York County District Attorney's office, including Assistant District Attorney Jamie Masten.

31.  Any information provided by to ADA Masten or other prosecutors by Officer Henry or the other defendants implicating Mr. Jackson in the sale of drugs as alleged in the Felony Complaint was false.

32.  In or around March of 2012, a grand jury sitting in New York County voted to indict Mr. Jackson in connection with the conduct alleged in the Felony Complaint.

33.  The indictment was based on the false statements and perjured testimony of one or more of the defendants, including Officer Henry.

34.  On November 20, 2013, after well more than a dozen court appearances, the case against Mr. Jackson was finally brought to trial. Six days later, on November 26, 2013 a jury acquitted Mr. Jackson of all the charges against him.

35.  Notwithstanding the fact that Mr. Jackson was acquitted of the charges after trial, both the identification of Mr. Jackson as a person involved in the sale of narcotics and

the allegation that he received money from Ms. Sbradley, who was said to have been in possession of narcotics that were packaged similarly as those that were found on Mr. Jones, would be likely to influence a trial jury's decision to convict him.

36. Officer Henry and Sergeant Contreras repeatedly gave perjurious and misleading testimony before the grand jury that indicted Mr. Jackson and the trial jury that ultimately acquitted him. On information and belief, Officer Pichardo did not testify in the

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983

37. All other paragraphs herein are incorporated by reference as though fully set forth.

38. The aforementioned acts deprived the plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

41. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The defendants' conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

## SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983

43. All other paragraphs herein are incorporated by reference as though fully set forth.

44. By intentionally confining, arresting, imprisoning and detaining the plaintiff without probable cause, privilege or consent, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

## THIRD CAUSE OF ACTION
### Unlawful Search under 42 U.S.C. § 1983

45. All other paragraphs herein are incorporated by reference as though fully set forth.

46. By strip searching and performing a visual body cavity search of the plaintiff in the absence of any individualized reasonable suspicion he was concealing weapons or contraband, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches.

## FOURTH CAUSE OF ACTION
**Malicious Prosecution under 42 U.S.C. § 1983**

47. All other paragraphs herein are incorporated by reference as though fully set forth.

48. In initiating the criminal proceedings against the plaintiff with malice and without probable cause to believe the proceeding, which were terminated in the plaintiff's favor, could succeed, the defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

## FIFTH CAUSE OF ACTION
**Denial of Right to a Fair Trial under 42 U.S.C. § 1983**

49. All other paragraphs herein are incorporated by reference as though fully set forth.

50. By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, the defendants engaged under color of law in the violation of the plaintiff's right to a fair trial under the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

3. Award the plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated: New York, New York
December 9, 2014

Respectfully submitted,

Darius Wadia, L.L.C.

By: Darius Wadia (Bar number DW8679)
*Attorney for the Plaintiff*
186 Joralemon Street, Suite 1202
Brooklyn, New York 11201
(212) 233-1212
dwadia@wadialaw.com